FREDERIKE MITTWER and Others v. CHARLES F. STREMEL and Another.[1]

June 16, 1897.

Nos. 10,551—(182).

Landlord and Tenant—Terms of Lease—Evidence—Burden of Proof—Instructions.

Both parties admitted that, upon the expiration of the term of a lease for years, there was a new and express contract between them for a new tenancy, the only issue between them being whether the contract was for a tenancy for a year or for a tenancy from month to month. *Held*:

1. That evidence of collateral matters, such as that the tenants had a large trade in that part of the city, that it would have cost them a large sum to move, and that there was no vacant store in that part of the city which they could have secured, was too remote to have any natural or legal tendency to prove which party was correct as to the terms of the new tenancy.

2. There being, according to both parties, a reletting under an express agreement, and not a "holding over" by the tenant, requests to instruct the jury as to the effect of a tenant for years holding over after the expiration of his term were properly refused. For the same reason, the burden was on the landlord to prove that the reletting was for a year.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, W. A. Kerr, J., denying their motion for a new trial. Affirmed.

*Child & Fryberger*, for appellants.
*Cobb & Wheelwright*, for respondents.

MITCHELL, J.

For the purposes of this appeal, the material facts of this case may

[1] Reported in 71 N. W. 698.

be briefly stated as follows: The plaintiffs leased a store building to the defendants for a term of three years from October 1, 1892, at a rental of $100 a month. The lease provided that the defendants should have

"the privilege of remaining two years after the expiration of this lease, at a price to be determined by disinterested parties, and to be settled by arbitration in the usual manner."

According to the allegations and proof of both parties, after the expiration of the term of the lease, they made a new and express contract for the further occupation of the premises by the defendants, but they differ as to the terms of this contract. The claim of the plaintiffs is that it was a lease for one year from October 1, 1895, while the contention of the defendants is that the agreement was that they should occupy the premises as tenants from month to month. The defendants continued to occupy and pay rent for the premises until July 1, 1896, when they vacated them pursuant to due notice previously given to the plaintiffs. Plaintiffs, claiming that the contract was for one year, brought this action to recover rent for the remaining two months of that term; hence the only issue between the parties was whether the reletting was for one year, or from month to month.

1. As tending to corroborate their version of the contract, the plaintiffs offered to prove that the defendants had built up a large trade in the part of the city in which this store was situated; that it would have cost them several dollars to move; that at that time there was no vacant store in that part of the city to which they could have moved. This evidence was properly excluded. It wholly related to collateral matters, which could have had no natural or legal tendency to prove which party was correct as to the terms of their contract.

2. The plaintiffs presented eight legal propositions which they requested the court to give to the jury. All of these except one were either definitions of a tenancy from year to year, or related to the effect of a tenant for a term of years holding over after the expiration of the term of the lease. They were all properly refused, for the reason that they had no application to the facts. According to the allegations and proofs of both parties, the case was one not

of "holding over," but of "reletting" by an express contract. The admitted existence of an express contract left no room for an implied one upon a holding over. The only issue was as to the terms of this new and express agreement. The nature of the issue was not affected or changed by the fact that the defendants continued in possession after the expiration of the three years' lease during negotiations between the parties as to the terms of a new tenancy, inasmuch as these negotiations finally terminated in an agreement for such a tenancy.

3. The court in effect charged the jury that the burden was on the plaintiffs to prove that there was a tenancy for a year. This is also assigned as error. The objection to this charge proceeds upon the same erroneous theory upon which the requests to charge were made. It may be true that, where a tenant for a term of years holds over after the expiration of his term, an agreement to hold for another year will be implied, in the absence of any different agreement between the parties, and that the burden would be on him to prove such an agreement; but, as already suggested, both parties agreed that there was an express agreement for a new tenancy, which necessarily excluded an implied contract resulting from the tenants' holding over. Plaintiffs were seeking to recover upon this express contract, and the burden was on them to prove its terms.

A second defense interposed, which, however, seems to have cut little or no figure on the trial, was that, in any event, the tenancy had been terminated on August 1, 1896, by defendants' surrender of the premises, and plaintiffs' acceptance of such surrender. Counsel requested the court to charge the jury that

"if defendants bound themselves for another year's rent, beginning with October 1, 1895, all the provisions of the original lease were still in force, except as to the amount of rental paid."

This request was refused. It is now claimed that this instruction should have been given, in view of the second defense, because the original lease contained a provision that, if the lessees failed to pay rent when due, or to fulfill any of the covenants of the lease, the lessors might re-enter and take possession, without such re-entry working a forfeiture of the rents to be paid. It may be doubted

whether there was any evidence to which the request or this provision was applicable.    But, in any event, counsel should have specifically called the attention of the court to this particular provision in the lease, and suggested the purpose for which the instruction was asked.    There was nothing in the request itself, and nothing had occurred on the trial, which was calculated to suggest to the mind of the court any materiality in the request or the purpose for which counsel desired it to be given.    The trial had proceeded throughout as if the only controversy was whether the reletting was for a year, or from month to month.

Order affirmed.